IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 2:23cr33 |
| ) | **Electronic Filing** |
| **GERALD H. DAVIS** ) | |

## MEMORANDUM ORDER

AND NOW, this 25th day of May, 2023, upon due consideration of defendant's Motion to Revoke Detention Order, which this court has construed as an appeal of the order of detention entered on February 27, 2023, and the government's response thereto, and after a comprehensive review of the record, including the transcript from the detention hearing before Magistrate Judge Lisa Pupo Lenihan on February 27, 2023, the Court finds/rules:

1. While this court's review is *de novo*, a magistrate judge's decision and reasoning is to be given careful consideration where, as here, a transcript of the detention hearing has been filed into the record. United States v. Farris, 2008 WL 1944131 at *7 (W.D. Pa. May 1, 2008);

2. The record reflected and Judge Lenihan was able to consider the following:

   i. the seriousness and length of the drug distribution conspiracy alleged: a 33 month conspiracy to distribute oxycodone in violation of Title 21, United States Code, Section 846 and contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

   ii. defendant is addicted to oxycodone and he still has an active prescription to oxycodone, making continued access to the narcotic available to him upon release;

   iii. the members of defendant's household and his living arrangements during the alleged 33 month period were essentially the same as those to which he was requesting to be released;

   iv. defendant had multiple weapons in the home, his proposed guardian was unaware of the number and location of the weapons, and the weapons would continue to be in the home;

   v. defendant did not have employment which provided any meaningful level of income;

      vi.    prior to the execution of the warrant defendant knew he was under investigation and that further interaction with the police was likely;

     vii.    the video recorded during defendant's arrest made reasonably clear that he knew it was the police who were present in the home on official business and he chose to approach them while armed with a shotgun and then aggressively charge and attack the lead officer rather than submitting to their show of authority;

    viii.    defendant's behavior reflected blatant disregard for the authority of law enforcement and for the safety of law enforcement and those around defendant when law enforcement is present;

3. Defendant failed to highlight changed circumstances or propose a living arrangement that would be sufficiently different from the one in which the offense was allegedly committed and in which he was arrested;

4. Judge Lenihan reasoned that given defendant's disregard for law enforcement and the likelihood of his failing to give appropriate respect to any restrictive conditions, releasing defendant into the same residence and living arrangements where the alleged offense had occurred over 33 months along with the ongoing availability of oxycodone and the presence of guns failed to reasonably assure the safety of others in the community;

5. Magistrate Judge Lenihan's findings and reasoning are well supported by the record and she considered all relevant factors in her analysis; and

6. Defendant presents little to support a reversal of Judge Lenihan's supported decision. While defendant has not been charged with a crime of violence, he has been charged with a serious conspiracy to distribute controlled substances in violation of the Controlled Substances Act. And the import of his past criminal history as construed and relayed by counsel sufficiently is undermined by defendant's disdain for the authority of the law and blatant disregard for the safety of others in the presence of law enforcement.

Accordingly, IT IS ORDERED that [61] defendant's Motion to Revoke Detention Order be, and the same hereby is, **DENIED**. Defendant shall be detained pending trial in accordance with the February 27, 2023, detention order entered by Magistrate Judge Lisa Pupo Lenihan.

                                                      s/David Stewart Cercone
                                                      David Stewart Cercone
                                                      Senior United States District Judge

cc: Shaun E. Sweeney, AUSA
James E. DePasquale, Esquire

(*Via CM/ECF Electronic Mail*)